378 P.2d 890

**STATE of Utah, Plaintiff and Respondent,**

v.

**James Lloyd UNDERWOOD, Defendant and Appellant.**

No. 9723.

Supreme Court of Utah.

Feb. 27, 1963.

Patterson, Foley & Phillips, Clyde C. Patterson and Robert V. Phillips, Ogden, for appellant.

A. Pratt Kesler, Atty. Gen., Gordon A. Madsen, Asst. Atty. Gen., Salt Lake City, for respondent.

HENRIOD, Chief Justice.

Appeal from a conviction for driving a motor vehicle while defendant's license was suspended. Affirmed. No costs awarded.

Defendant concedes that the allegations of the complaint are true, but says he should be absolved because the Motor Vehicle Department personnel led him into filing an affidavit that a permit he had was lost, when in fact it was misplaced by the department itself. Basis for defendant's appeal is that the department did not advise him of his right to a hearing and an appeal, and that the department's misplacement of his original license (which was found and forwarded to him) absolved him from the penalty of driving without a license. Defendant has a record of 13 convictions for motor vehicle violations, three warnings, two motor vehicle accidents, one fatal accident, and one of displaying to a peace officer (and getting

by with it) a driver's license which he knew was ineffective and should have been surrendered. His license was revoked for an additional year after he might choose to turn in the one he had in possession but which had been revoked.

He complains of a denial of due process because the department did not advise him of his legal rights of appeal. There is nothing in the statute *requiring* the department to do that.

The fact is that notice or no notice, advice or no advice, defendant *did* appeal and had a trial de novo. He emphasized the fact that his order of suspension was based on his filing of a false affidavit. This may or may not be true but on the same day an order of suspension was issued for the reason that he was operating a motor vehicle during the time his license was suspended,—the very charge for which he was convicted.

We are unimpressed with the refuge this defendant seeks under the constitutional interdictions about due process. We think that perhaps motorists generally are entitled to some kind of due process against the danger of driving habits reflected in defendant's long line of convictions, warnings and traffic accidents.

McDONOUGH, CALLISTER, CROCKETT, and WADE, JJ., concur.